IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JULIUS OYEKAN, | ) | Civil Action No.: 4:18-cv-01785-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EDUCATION CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This action arises from Plaintiff's allegations that his former employer, Education Corporation of America, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq. as amended* ("Title VII"), in the form of sex discrimination, retaliation, as well as allegations against Defendant leading to a defamation claim.[1] This lawsuit was initially filed in state court but removed to federal court on June 29, 2018. [ECF #1]. Presently before the Court is Defendant's Motion to Compel Arbitration. [ECF #5]. Plaintiff filed his response to this motion on July 13, 2018. [ECF #8]. Defendant filed its reply on July 20, 2018. [ECF #10]. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.) this matter was referred to a Magistrate Judge for pretrial handling. This matter is now before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West. [ECF #15]. In the R&R, the Magistrate Judge recommends granting Defendant's

---

[1] Defendant indicates that Plaintiff's employer was Virginia College, LLC and that it intended to seek substitution of the proper defendant if this matter proceeds in this forum.

1

motion. This matter is now before the Court for disposition. For the following reasons, the Court grants Defendant's motion.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations within the Complaint, Dr. Oyekan began working as an instructor for Defendant Education Corporation of America's medical assistant program around July of 2012. Dr. Oyekan alleges that he was the recipient of harsh and unfair treatment throughout his employment by female supervisors who discriminated against him based on his sex. Dr. Oyekan alleges once he began reporting this unfair treatment to Defendant, he was retaliated against, and ultimately terminated on May 19, 2016, for reasons that were false and/or pretextual. Thereafter, Plaintiff filed this lawsuit, alleging sex discrimination in violation of Title VII, retaliation in violation of Title VII, and a state law claim for defamation. This case was removed to federal court on June 29, 2018, pursuant to 28 U.S.C. § 1331, because Plaintiff alleges violations of a federal law, and the state law claim falls under the supplemental jurisdiction of this Court. Defendant also removed this case pursuant to diversity jurisdiction under 28 U.S.C. § 1441.

On June 29, 2018, Defendant also filed a Motion to Compel Arbitration. [ECF #5]. In support of its motion, Defendant argues that Dr. Oyekan executed an Arbitration Agreement on September 17, 2015, that requires him to arbitrate these claims. [ECF #5-2, pp. 1-2; ECF #5-1, Ex A]. The Arbitration Agreement was attached as an exhibit to the Declaration of Kerenna Jones, a paralegal and employee of Defendant. [ECF #5-1. Ex. A]. Defendant further states that Dr. Oyekan executed a New Employee Handbook and Arbitration Policy acknowledgment on

---

[2]Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

September 17, 2015, which is also attached to the Declaration of Ms. Jones. [ECF #5-1, Ex. B]. The Arbitration Agreement (the "Agreement") provides that the parties agree that any dispute, controversy or claim "arising out of or related to this Agreement, the employment relationship between the parties, or the termination of the employment relationship shall be resolved by binding arbitration." [ECF #5-1, Ex. A]. Further, the Agreement specifically provides that it includes claims under the Civil Rights Act of 1964." [ECF #5-1, Ex. A]. Finally, the Agreement states that the parties waive their right to have any dispute, claim, or controversy decided by a judge or jury in a court." [ECF #5-1, Ex. A]. Defendant therefore argues that pursuant to the Federal Arbitration Act and Rule 12(b)(3) of the Federal Rules of Civil Procedure, Plaintiff's claims are subject to arbitration pursuant to the express terms of the Arbitration Agreement. Defendant further seeks its attorneys fees and costs associated with the filing of this motion because it asserts that it provided Plaintiff's counsel with a copy of the Agreement and requested Plaintiff consent to arbitration in order to avoid the expense of motion practice.

Plaintiff argues that the Acknowledgment of Handbook and Policies, which contains language stating that the provisions within the handbook do not create a contract between Defendant and its employees undermines the validity of Defendant's argument that the Agreement is a contract. Further, Plaintiff argues that because Defendant's policies are one-sided and Plaintiff was in a substantially weaker bargaining position than Defendant, the Agreement is unconscionable. Finally, Plaintiff argues that Defendant's voluntary removal to federal court waived its ability to seek arbitration of Plaintiff's claims.

Within the R&R, the Magistrate Judge considered Plaintiff's arguments but ultimately recommended that the motion be granted. Plaintiff filed objections to the recommendation, raising

3

the same arguments he raised in response to the motion. Plaintiff again argues that the Agreement is not contractual, the Agreement is unconscionable, and that Defendant waived arbitration by removing this action to federal court. Defendant responded to the objections, pointing out that Plaintiff merely restated his prior arguments and does not provide any reason to reject the R&R. On December 14, 2018, this case was stayed by Order of the Magistrate Judge in light of the express terms of an Order issued by the Middle District of Georgia. [ECF #24]. The stay was lifted on February 4, 2019. [ECF #32].

### DISCUSSION

**I. Review of the Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews

4

only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**II. Review of the Motion to Compel**

Defendant filed its Motion to Compel Arbitration pursuant to the Federal Arbitration Act (the "FAA") 9 U.S.C. §§ 3 and 4, as well as the Agreement. The FAA evidences a liberal federal policy that favors arbitration agreements. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Sections 3 and 4 of the FAA provide two parallel methods for enforcing an arbitration agreement: (1) an order staying litigation in matters raising a dispute referable to arbitration; or (2) an order compelling arbitration. *Chorley Enters. v. Dickey's Barbecue Rests. Inc.*, 807 F.3d 553, 563 (4th Cir. 2015). Courts will compel arbitration under Section 4 if: (1) the parties entered into a valid agreement to arbitrate claims; and (2) the dispute or claims in question fall within the scope of the arbitration agreement. *Id.* In order to determine whether the parties agreed to arbitrate, ordinary state law principles govern the issue of contract formation. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The standard of review for a motion to compel arbitration is akin to the burden on summary judgment. *Chorley*, 807 F.3d at 564. In considering a motion to compel arbitration, a court may consider matters outside the pleadings. *Witness Insecurity, LLC v. Hale*, No. 5:12-CV-293-JG, 2013 WL 12162297, at *3 (E.D.N.C. Sept. 27, 2013).

Defendant additionally styles the motion as a motion to dismiss the pleading pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Rule 12(b)(3) permits a party to file a motion to dismiss for improper venue. *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 209

(4th Cir. 2007). When a defendant raises its motion pursuant to Rule 12(b)(3), the plaintiff bears the burden of proving venue is proper. *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 692 (D.S.C. 2007).

## III.    Analysis

### 1. Existence of a Valid Agreement

The Magistrate Judge recommends finding, over the objection of Plaintiff, that the parties entered into a binding arbitration agreement. In order to compel arbitration, Defendant must show: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision covering the dispute; (3) the relationship of the transaction, evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the other party or parties to arbitrate the dispute. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-501 (4th Cir. 2002). In the Fourth Circuit, any doubts concerning the scope of issues covered under an arbitration agreement should be resolved in favor of arbitration. *See Great Am. Ins. Co. v. Hinkle Contr. Corp.*, 497 Fed. App'x. 348, 352 (4th Cir. 2012). Defendant has come forward with a document titled the Arbitration Agreement (the "Agreement"), which Defendant purports covers the claims set forth in Plaintiff's Complaint. Plaintiff does not dispute that he executed the Agreement. Nor does he disagree that all the claims in the Complaint are covered under the scope of the Agreement. Instead, Plaintiff argues that the Agreement is not a contract. Plaintiff argues that the language within the "Acknowledgement of Handbook and Specific Policies," which states that the provisions in the handbook do not create a contract, prevents Defendant from enforcing the arbitration agreement because Defendant had already "disclaimed all policies as contract." [ECF

6

#8, p. 5; ECF #8-2]. The Magistrate Judge recommends finding a valid arbitration agreement because she agreed with Defendant that the Agreement was a standalone, independent agreement.

The courts decide in the first instance whether a dispute is to be resolved through arbitration. *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 651 (1986). Therefore, courts engage in a limited review to ensure that a valid agreement to arbitrate exists between the party and that the specific dispute falls within the scope of the agreement to arbitrate. *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997) (quoting *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d. Cir. 1990)). Under South Carolina law, a party cannot be required to arbitrate disputes which he or she has not so agreed to submit. *Pearson v. Hilton Head Hosp.*, 733 S.E.2d 597, 600, 400 S.C. 281, 288 (2012). One court in this district has compelled arbitration despite the plaintiff arguing that an arbitration agreement was not enforceable based on a disclaimer within the employee handbook stating that it did not alter the parties' at-will relationship. *See Cox v. Assisted Living Concept, Inc.*, No. 6:13-00747-JMC, 2014 WL 1094394, at *5 (D.S.C. March 18, 2014). Other courts have determined that notwithstanding similar disclaimers in a handbook, an arbitration agreement was still valid when the arbitration agreement is distinct from the handbook policies. *Sedelnikova v. The Cheesecake Factory Rest, Inc.*, No. AW-09-2398, 2010 WL 2367387 (D. Md. June 7, 2010).

In *Lorenzo v. Prime Commun., L.P.*, 806 F.3d 777 (4th Cir. 2015), upon which Plaintiff relies to argue that there was no "meeting of the minds to arbitrate," the Fourth Circuit affirmed the denial of a motion to compel arbitration. There, the defendant attempted to rely upon an arbitration provision found within the employee handbook to argue that the plaintiff agreed to arbitrate disputes. *Id.* at 789. The defendant was unable to produce a signed acknowledgment form

for the handbook, and the lower court determined that mere receipt of the handbook and continued employment was insufficient to show the plaintiff agreed to the arbitration provision. *Id*. Defendant later located a copy of this acknowledgment form, but it did not alter the analysis in that case. *Id.* at 780. The Fourth Circuit, applying North Carolina law, upheld the district court's ruling, finding that while the plaintiff might have implied assent to arbitrate, the acknowledgment form signed by the plaintiff expressly disclaimed any agreement to be bound by the terms of the handbook, which included an arbitration provision. *Id.* at 782.

Here, the arbitration agreement was an entirely separate document, executed by Plaintiff, which clearly expresses that both parties mutually agree to arbitrate the disputes covered by the arbitration agreement. Plaintiff's mischaracterization of the standalone Agreement as an "arbitration policy" is similarly unconvincing because he executed a separate document entitled Arbitration Agreement. The language in the Acknowledgement further makes clear that while the provisions of the Handbook or other policies of the Defendant were not to be construed as a contract, Plaintiff also expressly acknowledged *within the* Acknowledgement that he was required to arbitrate his employment disputes *pursuant to the applicable arbitration agreement*. [ECF #8-2, p. 2]. Thus, not only does the Acknowledgement fail to characterize arbitration as simply a "policy," and Plaintiff expressly agrees to arbitration within that document, but Plaintiff signed the Arbitration Agreement, which was independent from the Acknowledgment. Thus, this Court is unpersuaded by Plaintiff's argument that the Agreement is unenforceable based on the language within a handbook acknowledgement. Accordingly, this Court agrees with the Magistrate Judge that the Agreement between the parties is a valid agreement to arbitrate.

### 2. Unconscionability of the Agreement

Plaintiff next argues that the Agreement was unconscionable, and therefore unenforceable, because the terms are one-sided and amount to a contract of adhesion. The Magistrate Judge recommends rejecting this contention. The Fourth Circuit has previously recognized the principle that equity may require invalidation of an arbitration agreement that is unconscionable, as well as an agreement that allows an employer to ignore the arbitration result. *Murray v. United Food and Commercial Workers Intern. Union*, 289 F.3d 297, 302 (4th Cir. 2002). South Carolina law provides that a contract is unconscionable if characterized by the "absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Carolina Care Plan, Inc. v. United Healthcare Servs., Inc.*, 606 S.E.2d 752, 757, 361 S.C. 544, 554 (2004) (explaining the standard for finding an arbitration agreement unconscionable at the motion to dismiss stage) (citing *Fanning v. Fritz's Pontiac-Cadillac-Buick Inc.*, 322 S.C. 399 (1996)). Thus, courts consider two basic factors when determining whether a contract is unconscionable: (1) whether the party opposing the agreement lacked a meaningful choice in entering the agreement; and (2) whether the agreement's terms are "so oppressive" that no reasonable person would make them and no fair and honest person would accept them. *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.3d 663, 668, 373 S.C. 14, 24-25 (S.C. 2007) (citing *Carolina Care Plan, Inc. v. United HealthCare Servs., Inc.*, 606 S.E.2d 752, 361 S.C. 544 (2004)). Courts often consider factors such as relative disparity of bargaining power between the parties, the nature of Plaintiff's injuries, the relative sophistication of each of the parties, and the conspicuousness of the arbitration provision. *Simpson*, 644 S.E.2d at 669. The Fourth Circuit

instructs courts to focus generally on whether the arbitration agreement is geared toward achieving an "unbiased decision by a neutral decision-maker. *Simpson*, 644 S.E.3d at 668-69. Finally, Plaintiff bears the burden of showing that the arbitration provision at issue is unenforceable. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000).

Plaintiff first argues that because this is merely an arbitration "policy," Defendant is not bound by it, and therefore, based on the language in the Acknowledgment, could change the policy at any time. In other words, it is one-sided in nature. A contract of adhesion is a standard form contract offered on a take-it-or-leave-it basis with non-negotiable terms. *Simpson*, 644 S.E.2d 663, 669. However, under South Carolina law, adhesion contracts are not per se unconscionable; therefore this is simply the beginning point of the analysis. *Id.* Plaintiff's insistence that the Agreement is a "policy" forms the basis for his argument that based on the Acknowledgment language, Defendant could change the provisions at any point in time. As discussed previously, this Court rejects that reading of the Acknowledgment with respect to the Arbitration Agreement. Moreover, the language within the Agreement states that both parties agree to be bound by its terms, thus it contains mutual agreements to arbitrate covered claims and mutually binds both parties to arbitration. [ECF #5-1, Exhibit A]. Specifically, the parties mutually agreed that "any dispute, controversy or claiming [sic] arising out of or related to this Agreement, the employment relationship between the parties, or the termination of the employment relationship shall be resolved by binding arbitration." [ECF #5-1, Ex. A]. The Agreement references using the Employment Arbitration Rules of the AAA. [ECF #5-1, Exhibit A]. Further, the New Employee Handbook and Arbitration Policy also acknowledges that "both sides agree to submit any legal claims" to arbitration. [ECF #5-1, Ex. B]. Therefore, despite the fact that the Agreement is a

standard form agreement, Plaintiff has not otherwise provided a basis for showing the terms are unconscionable.

To argue that he is in a substantially weaker bargaining position, Plaintiff points to language in the Acknowledgment that says: "I am required as a condition of employment, to arbitrate any employment disputes with the Company pursuant to the applicable arbitration agreement *then in use* by [Defendant]." [ECF #8-2, Ex. 2]. First, a disparity in size or sophistication by itself will not invalidate an arbitration agreement due to inequality of bargaining power. *Clark v. Goldline Intern., Inc.*, No. 6:10-CV-01844-JMC, 2010 WL 4929438 (D.S.C. Nov. 30, 2010). Further, While not considering the issue of unconscionability, the Fourth Circuit has found a similar Arbitration Agreement valid, noting that language stating that as a condition of employment, an employee agrees to submit to arbitration, does not create employment a condition precedent to the arbitration agreement. *See O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 275 (4th Cir. 1997). While Plaintiff argues that he was not given an opportunity to negotiate or modify the terms, he does not submit that he requested to do so at any point in time. Further, Plaintiff does not dispute that he signed the Acknowlegment which stated that as a condition of employment, he agreed to arbitration. In considering other relevant factors, Plaintiff identifies himself as a doctor and alleged that he worked for a number of years as an instructor for Defendant, thereby suggesting he is not an unsophisticated party. The Agreement regarding arbitration was an independent document. It does not appear that Plaintiff was unaware of the terms within the Agreement. Further, Plaintiff does not argue that the arbitration provision was inconspicuous. Plaintiff has therefore not met the burden of showing the Agreement is unconscionable. This Court further agrees with the Magistrate Judge that, when considering whether the Agreement is focused

on achieving an unbiased decision by a neutral-decision maker, and acknowledging the liberal policy favoring arbitration, Plaintiff has not met the standard of showing the Agreement is unconscionable. Accordingly, this Court does not find that the Arbitration Agreement entered into between the parties is unconscionable.

### 3. Waiver by Removing to Federal Court

Plaintiff also argues that Defendant waived its right to arbitration by removing this matter to federal court. The Magistrate Judge recommends finding that mere removal of a case to federal court does not waive arbitration. Plaintiff does not provide any case law to support his argument that a party's removal of a case to federal court acts as a waiver to compel arbitration. In his objections, Plaintiff instead continues to argue that this Court should consider case law regarding waiver of immunity to conclude that Defendant waived the right to arbitration.

In considering the federal policy favoring arbitration, courts have determined that the waiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated. *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985). Waiver is not to be inferred lightly. *Id.* The Fourth Circuit has determined that a party may waive its right to compel arbitration if the party "so substantially utilizes the litigation machinery that to subsequently permit arbitration" would prejudice the other party. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 250 (4th Cir. 2001). Even in cases where the party seeking to arbitrate has invoked the "litigation machinery" to some degree, the dispositive question is whether the opposing party suffered actual prejudice. *Id.* (citing *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987)). Here, Plaintiff commenced litigation in state court on May 24, 2018, and Defendant removed the matter and filed its motion to compel on June

29, 2018. Beyond filing the requisite interrogatory answers, the parties have not engaged in substantial litigation. Moreover, Plaintiff has not argued or otherwise presented any evidence of actual prejudice in compelling arbitration. Accordingly, this Court agrees with the Magistrate Judge that Defendant has not waived its right to arbitration.

### 4. Dismissal or Stay of Proceedings

Defendant styled its motion as a dismissal pursuant to Federal Rule 12(b)(3) and argues that dismissal is appropriate because all claims are subject to arbitration. Plaintiff argues that under the FAA, district courts are required to stay judicial proceedings involving issues covered by written arbitration agreements, rather than dismissing the lawsuit. The Fourth Circuit has previously held that dismissal of a lawsuit is the proper remedy when all of the issues presented in the lawsuit are arbitrable. *Choice Hotels, Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001) (citing *Alford v. Dean Witter Reyolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). In *Aggarao v. MOL Ship Management Co., Ltd*, the Fourth Circuit acknowledged tension with its prior decisions[3] in determining whether a stay is required, or whether dismissal is appropriate in ruling on a motion to compel arbitration. 675 F.3d 355, 380 n.18 (4th Cir. 2012). *Aggarao* ultimately issued a stay because the issues involved in that litigation were not all subject to arbitration. In *Noohi v. Toll Bros., Inc.*, the Fourth Circuit again acknowledged this tension and explained, as in *Aggarao*, that the circuits are divided on whether a district court has discretion to dismiss rather than stay an action subject to arbitration. 708 F.3d 599, 614 n.2 (4th Cir. 2013).

---

[3] In *Hooters of America, Inc. v. Phillips*, 173 F.3d 933 (4th Cir. 1999), the Fourth Circuit indicated that when there exists a valid arbitration agreement that "covers the matter in dispute," the FAA commands federal courts to stay judicial proceedings pursuant to section 3 of the FAA. As noted above, in *Choice Hotels*, decided two years later, the Fourth Circuit stated that dismissal was the proper remedy when all of the issues presented were arbitrable.

13

Other courts in this district have dismissed lawsuits when all claims involved were subject to arbitration. *See Smith v. Gen. Info. Solutions*, LLC No. 3:18-2354-MGL, 2018 WL 6528155, at *5 (D.S.C. Dec. 11, 2018); *Williams v. Cash America*, No. 6:18-CV-00405-TMC, 2018 WL 6039659, at *2 (D.S.C. Nov. 19, 2018); *Marchant v. Maxim Healthcare Servs., Inc.*, No. 2:18-CV-2757-RMG, 2018 WL 5793595, at *2 (D.S.C. Nov. 5, 2018); *Willard v. Dollar Gen. Corp.*, No. 3:17-CV-00675-JMC, 2017 WL 4551500, at *4 (D.S.C. Oct. 12, 2017); *Greenway Energy, LLC v. Ardica Tech., Inc.*, No. 1:17-819-RMG, 2017 WL 2210254, at *2 (D.S.C. May 17, 2017); *Cox v. Assisted Living Concepts, Inc.*, No. 6:13-00747-JMC, 2014 WL 1094394, at (D.S.C. Mar. 18, 2014).

Here, Plaintiff agreed to submit all disputes related to his employment to arbitration. Plaintiff does not argue that his claims do not fall within the scope of the agreement. His argument is solely that the Agreement was not a valid contract, as previously discussed earlier in this Order. The claims brought forth in this lawsuit all appear to be covered by the Agreement. Regardless, Plaintiff does not now argue that some of his claims do not fall within the scope of the arbitration provision. Therefore, based on the language in *Choice Hotels*, this Court agrees with the Magistrate Judge that dismissal of the lawsuit is appropriate.

### 5. Payment of Attorney's Fees & Costs

Defendant seeks reimbursement of its attorneys' fees and costs associated with this motion because Defendant argues Plaintiff refused to agree that these claims were subject to the Agreement. In the R&R, the Magistrate Judge noted that Defendant has not made a separate motion for fees or otherwise provided a detailed argument for granting the request. Thus, the Magistrate Judge felt it premature to consider such request. Plaintiff responded and indicated that

he did not act in bad faith in pursuing his claims in court. In its reply, Defendant did not provide any additional explanation or argument for why this should grant attorneys' fees and costs. Accordingly, this Court denies the request to grant fees and costs in this case.

## Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings and exhibits filed in this case. For the reasons stated above, this Court **ADOPTS** the Magistrate Judge's Report & Recommendation. [ECF #15]. IT IS THEREFORE ORDERED that Defendant's motion to compel arbitration [ECF #5] is **GRANTED in part, and DENIED in part.** While the parties are required to arbitrate the claims currently pending, this Court denies Defendant's request for attorneys' fees and costs to be assessed against Plaintiff. Plaintiff's complaint [ECF #1-1] is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 28, 2019  R. Bryan Harwell
  United States District Judge